Filed 8/21/23  P. v. Garcia CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANTHONY DANIEL GARCIA,<br><br>    Defendant and Appellant. | B321238<br><br>(Los Angeles County<br>Super. Ct. No. KA078290) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

David R. Greifinger, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Steven E. Mercer, Deputy Attorney General, for Plaintiff and Respondent.

———————————

Penal Code section 1170.126, subdivision (b),[1] requires that a petition for recall of sentence under the resentencing provisions of Proposition 36, the Three Strikes Reform Act of 2012, be filed within two years of the initiative's November 7, 2012 effective date "or at a later date upon a showing of good cause." Anthony Daniel Garcia, representing himself, filed a petition for resentencing under Proposition 36 on July 29, 2019. The superior court denied the petition, finding Garcia had failed to show good cause for the delayed filing. We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

1. *Garcia's Convictions and State Prison Sentence*

Garcia was convicted following a jury trial of grand theft of an automobile (Pen. Code, § 487, subd. (d)(1)), kidnapping (Pen. Code, § 207, subd. (a)), obstructing or resisting an executive officer (Pen. Code, § 69) and transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a)). The trial court found true special allegations that Garcia had suffered two prior serious or violent felony convictions within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12) and one prior serious felony conviction pursuant to Penal Code section 667, subdivision (a). The court sentenced Garcia to an aggregate indeterminate state prison term of 55 years to life. (See *People v. Garcia* (Aug. 31, 2009, B206563) [nonpub. opn.].) Garcia's sentence included two consecutive terms of 25 years to life for grand theft and obstructing or resisting an executive officer and five years for the prior serious felony sentencing enhancement. Concurrent prison terms were imposed for the

---

[1] Statutory references are to this code unless otherwise stated.

other two felony convictions. On appeal we reduced the grand theft conviction to taking or driving a vehicle without the owner's consent (Veh. Code, § 10851, subd. (a)), affirmed the other convictions and remanded the case for resentencing.

On remand Garcia was again resentenced to an aggregate indeterminate state prison term of 55 years to life, a sentence that now consisted of two consecutive terms of 25 years to life for kidnapping and obstructing or resisting an executive officer, plus a five-year prior serious felony sentencing enhancement. The court imposed and stayed the sentence on the Vehicle Code offense and imposed a concurrent term for transporting a controlled substance. We affirmed the judgment on appeal. (*People v. Garcia* (May 10, 2011, B222521) [nonpub. opn.].)

2. *Garcia's Proposition 47 Petition*

In December 2015 Garcia petitioned pursuant to Proposition 47, the Safe Neighborhoods and Schools Act of 2014 (§ 1170.18), to reduce to a misdemeanor his felony conviction for obstructing or resisting an executive officer. The superior court denied the petition, ruling none of Garcia's four felony convictions was eligible for reduction to a misdemeanor under Proposition 47. We affirmed the order to the extent it addressed Garcia's conviction for obstructing or resisting an executive officer, but reversed as to his Vehicle Code conviction because the issue whether that offense could be reduced to a misdemeanor under Proposition 47, then pending before the Supreme Court in *People v. Page* (2017) 3 Cal.5th 1175, had not been presented by Garcia's petition. (*People v. Garcia* (May 15, 2017, B270278) [nonpub. opn.].)

### 3. *Garcia's Proposition 36 Petition*

On July 29, 2019 Garcia petitioned under Proposition 36 (§ 1170.126, subd. (b)) to recall his sentence and to resentence him on his conviction for obstructing or resisting an executive officer—the second offense for which he was serving a consecutive 25-year-to-life third strike sentence. On September 16, 2019, without Garcia being present or represented by counsel, the superior court denied the petition, ruling Garcia was ineligible for resentencing because the conviction at issue was a serious or violent felony. (See § 1170.126, subd. (e)(1) [an inmate is eligible for resentencing if the inmate is serving a three strikes sentence "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7"].)

On appeal the Attorney General conceded the superior court had erred—obstructing or resisting an executive officer in violation of section 69 is not a serious or violent felony as defined by sections 667.5, subdivision (c), or 1192.7, subdivision (c). Nonetheless, the Attorney General urged us to affirm the order denying Garcia's petition because the petition was untimely and Garcia had made no attempt to establish good cause for his delay in filing. In the alternative, the Attorney General suggested we remand the matter with directions to the superior court to consider the timeliness of the petition, including any explanation by Garcia for his delay, and, if Garcia established good cause for the untimely filing, to consider Garcia's eligibility for relief on the merits. We adopted that suggestion (as Garcia requested we do), reversed the order denying Garcia's petition and remanded for the superior court to consider whether good cause existed for Garcia's delay in filing and, if so, to consider the petition on its

4

merits pursuant to section 1170.126, subdivisions (e), (f) and (g)—that is, to determine if Garcia was ineligible for resentencing because he had used a firearm or deadly weapon or intended to cause great bodily injury to another person during the commission of the offense, one of his prior convictions was for a "super strike offense," or resentencing him would pose an unreasonable risk of danger to public safety.

4. *The Hearing on Remand*

Following remand, on November 4, 2020 the superior court issued an order to show cause why Garcia's petition should not be denied as untimely. Garcia, now represented by counsel, filed a reply to the order to show cause on January 29, 2021, explaining he had contacted paralegal Lee West in September 2015 and retained him in November 2015 to assist with all of Garcia's legal matters. Garcia asserted his failure to timely file the Proposition 36 petition was attributable to his reasonable reliance on West's poor advice. West apparently assisted Garcia in filing a failed petition for writ of habeas corpus and his unsuccessful Proposition 47 petition but, according to Garcia's response, did not properly advise him regarding Proposition 36.[2]

---

[2] In a December 6, 2020 letter to his superior court counsel, attached as an exhibit to the January 29, 2021 reply, Garcia stated, when he met with West in 2015, West agreed "to raise any issue he could find in my case [and] file my Prop 36, 47, 57 and anything else that applied to my case." According to Garcia, West said he wanted to file the Proposition 47 petition first and that he would file the Proposition 36 petition next "and assured me he could navigate around any time limitations and not to worry." Although Garcia states this conversation occurred in 2015, Proposition 57 was not adopted by the electorate until November 2016. (*In re Mohammad* (2022) 12 Cal.5th 518, 523.)

After delays due in part to the COVID-19 pandemic, the district attorney filed a response on April 13, 2022, arguing Garcia had not established good cause for the significant delay in filing his petition (more than four years beyond the two-year period for filing a petition specified in section 1170.126, subdivision (b)). The district attorney's memorandum relied on *People v. Drew* (2017) 16 Cal.App.5th 253 (*Drew*), as had the Attorney General in his brief in this court in the 2020 appeal, which rejected the petitioning inmate's argument that his lack of counsel and consequent ignorance of his right to request resentencing under Proposition 36 established good cause for the delay in filing. Although Garcia's claim was somewhat different from Drew's—Garcia insisted not only that he was unaware of his right to seek resentencing but also that he had relied on paralegal West to protect his rights—the district attorney emphasized that West had not been retained until after the deadline for filing a Proposition 36 petition had passed and Garcia's correspondence with West attached to Garcia's response to the order to show cause did not mention Proposition 36 until 2020.

The superior court denied the petition on May 11, 2022, ruling, "None of the above justifications stated by petitioner support his claims that either he relied on improper advice of his retained paralegal or that the paralegal failed to advise him." The court pointed out (as had the district attorney) that West was not retained until November 2015, one year after the statutory deadline had passed. In addition, although Garcia and West had corresponded starting in September 2015, the Proposition 36 petition was not filed until July 2019, three and one-half years

later, even though Garcia had sought resentencing relief in the interim under other ameliorative legislation.

Garcia filed a timely notice of appeal.

## DISCUSSION

1. *Governing Law and Standard of Review*

Proposition 36 prospectively reduced the punishment proscribed for certain defendants convicted of a third strike offense. It also created a retroactive relief procedure by adding section 1170.126, which permits inmates previously sentenced to life terms under an earlier version of the three strikes law to petition to recall their sentences and, if eligible for relief, to be resentenced to the term that would have been imposed for their crime under the new sentencing provisions. (§ 1170.126, subd. (a).)

Eligibility for resentencing depends on several factors. An inmate will be denied resentencing if (1) the current offense was serious or violent; (2) the prosecution establishes one of four disqualifying exceptions to resentencing under Proposition 36; or (3) the superior court determines, in its discretion, that resentencing the inmate would pose an unreasonable risk of danger to public safety. (§ 1170.126, subds. (e) & (f).)

An inmate is eligible for resentencing on a qualifying current offense under Proposition 36 despite his or her contemporaneous conviction for one or more other offenses that were serious or violent. (*People v. Johnson* (2015) 61 Cal.4th 674, 675, 695.) That is, the superior court must determine eligibility for relief under section 1170.126, subdivision (e), on a count-by-count basis. (See *Johnson*, at p. 688.)

As discussed, section 1170.126, subdivision (b), provides that a petition for recall of sentence under the resentencing

7

provisions of Proposition 36 had to be filed "within two years after the effective date of the act that added this section or at a later date upon a showing of good cause."  Proposition 36 became effective on November 7, 2012.  (See *People v. Johnson*, *supra*, 61 Cal.4th at p. 682.)

Section 1170.126 does not define "good cause."  However, "[w]here the language of a statute uses terms that have been judicially construed, the presumption is almost irresistible that the terms have been used in the precise and technical sense which had been placed upon them by the courts." (*Richardson v. Superior Court* (2008) 43 Cal.4th 1040, 1050 [internal quotation marks omitted]; accord, *People v. Lawrence* (2000) 24 Cal.4th 219, 231.)  "Courts have generally considered the following factors relevant to a determination of good cause:  (1) the nature and strength of the justification for the delay, (2) the duration of the delay, and (3) the prejudice to either the defendant or the prosecution that is likely to result from the delay." (*People v. Valencia* (2021) 64 Cal.App.5th 641, 648 [internal quotation marks omitted]; accord, *Drew, supra*, 16 Cal.App.5th at p. 257.)  Courts must also "'consider all of the relevant circumstances of the particular case, "applying principles of common sense to the totality of circumstances."'" (*Valencia*, at p. 648.)

We review the superior court's good cause determination for abuse of discretion.  (*Drew*, *supra*, 16 Cal.App.5th at p. 257 ["our review of the . . . 'good cause' determination employs the familiar 'abuse of discretion' standard"]; see *People v. O'Day* (2022) 85 Cal.App.5th 426, 433; see also *People v. Williams* (2018) 19 Cal.App.5th 1057, 1062 [denial of a petition to recall sentence under Proposition 36 is reviewed for abuse of discretion].)  Under that deferential standard, we may set aside the superior court's

decision only if it is "arbitrary, capricious, or so outside the bounds of reason as to render its ruling an abuse of discretion." (*People v. Thomas* (2023) 14 Cal.5th 327, 400; see *People v. Johnson* (2022) 12 Cal.5th 544, 605 ["To establish an abuse of discretion, defendants must demonstrate that the trial court's decision was so erroneous that it falls outside the bounds of reason.  [Citations.]  A merely debatable ruling cannot be deemed an abuse of discretion"; internal quotation marks omitted].)

> 2. *The Superior Court Did Not Abuse Its Discretion in Determining Garcia Failed To Establish Good Cause for His Delay in Filing His Petition*

As the court of appeal explained in *Drew*, *supra*, 16 Cal.App.5th at page 257, section 1170.126's inclusion of a limitations period subject to a good cause exception constituted an implied determination "that not every delay in filing a recall petition would be excusable."  Evaluating the factors generally used by courts in determining good cause, the *Drew* court held the superior court had not abused its discretion in finding the petitioner failed to demonstrate good cause.  The delay (nearly two years after the deadline) was "substantial" (*id.* at p. 258), and the petitioner had done nothing to investigate potential relief for three and one-half years between the effective date of the Three Strikes Reform Act and the filing of the petition "even though he was then serving a life sentence that at least arguably was impacted by [Proposition 36].  He did not contact the court.  He did not request assistance from the public defender's office that previously represented him.  He did not inquire of anyone at the Department of Corrections and Rehabilitation."  (*Id.* at p. 260.) The court found unpersuasive the petitioner's contention there was good cause because he lacked counsel and promptly filed his

9

petition for recall after learning of the potential for resentencing. (*Id.* at p. 259.)  This argument, the court reasoned, effectively advocated for "no time limits for filing a recall petition as long as no one told him he had the ability to request resentencing.  Were this contention accepted, it would be tantamount to erasing the limitations period from the statute in all but the most unusual of circumstances."  (*Ibid.*; see *People v. Valencia, supra,* 64 Cal.App.5th at p. 648 [good cause should generally be found where the delay occurred due to circumstances outside the inmate's control].)

Here, Garcia's delay in filing the petition—four-plus years after the deadline—was more than twice as long as the delay considered substantial in *Drew*; and, like the inmate in *Drew*, Garcia apparently did nothing to investigate potential relief until well after the two-year limitations period had expired.  Although Garcia contends his reasonable reliance on advice from paralegal West constituted good cause for the delay, as the superior court explained, Garcia did not retain West until November 2015.  Whatever reliance there may have been occurred far too late for a timely filing of the Proposition 36 petition.[3]

In his reply brief Garcia suggests, if West had properly advised him to file the petition in the fall of 2015, good cause would have existed for a delayed filing because it was unclear prior to the Supreme Court's decision in *People v. Johnson, supra,*

---

[3]    Indeed, in Garcia's December 2020 letter to superior court counsel in which Garcia claimed he and West had in 2015 discussed filing a Proposition 36 petition, Garcia acknowledges he was aware at that time there was a problem with the limitations period, but asserted West assured him that West could "navigate around" it.

61 Cal.4th 674 in July 2015 that he was eligible for resentencing on his qualifying offense (obstructing or resisting an officer) even though he had also been convicted of a nonqualifying serious or violent felony (kidnapping).  We agree the superior court could, in the exercise of its broad discretion, find good cause for not filing a petition until the second half of 2015 if an inmate demonstrated that pre-*Johnson* uncertainty was the reason for the delayed filing.  (Cf. *Drew, supra,* 16 Cal.App.5th at p. 259 ["[T]here was reasonable support for an argument, which Drew could have interposed prior to the expiration of the period for a timely petition for resentencing, that his other nonqualifying conviction did *not* preclude resentencing. . . .  Under these circumstances, the court could well conclude there was no good cause for the delay"].)  But Garcia does not argue this was the actual reason for his delay.  To the contrary, Garcia insists he was entirely unaware of Proposition 36 until his contact with West after the deadline had already passed.

Neither Garcia's ignorance of Proposition 36 and lack of counsel nor his subsequent reliance on West's purported malfeasance compelled a finding that good cause existed for the delayed filing of Garcia's petition for recall of sentence and resentencing.  The superior court's determination that the petition was untimely was well within its discretion.

11

## DISPOSITION

The postjudgment order denying Garica's petition is affirmed.



PERLUSS, P. J.

We concur:



SEGAL, J.



FEUER, J.