Filed 1/31/25  P. v. Carter CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ERIC TYRONE CARTER,<br><br>Defendant and Appellant. | B333813<br><br>(Los Angeles County<br>Super. Ct. No. BA419941) |

APPEAL from an order of the Superior Court of Los Angeles County, Sam Ohta, Judge.  Affirmed.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven E. Mercer and Noah P. Hill, Deputy Attorneys General for Plaintiff and Respondent.

Defendant Eric Tyrone Carter appeals from an order resentencing him pursuant to our directions in a prior appeal. He contends that the court, in declining to strike enhancements imposed under Penal Code section 12022.53, subdivision (b),[1] was unaware of its discretion to impose lesser included enhancements under section 12022.5, and that we should remand for a further resentencing hearing to allow the court to exercise such discretion. Because we conclude that Carter forfeited this argument by failing to raise it below, we affirm.

## FACTUAL AND PROCEDURAL SUMMARY

In 2016, a jury found Carter guilty of seven counts of second degree robbery. (§ 211.) The jury also found true allegations that Carter personally used a firearm in committing three of the robberies (§ 12022.53, subd. (b))[2] and that a principal in the commission of the other four robberies had been armed with a firearm (§ 12022, subd. (a)(1)). The court sentenced him to 39 years 8 months in prison. The sentence included a total of 16 years 8 months pursuant to the three personal use enhancements under section 12022.53, subdivision (b). The court struck the four principal armed allegations under section 12022, subdivision (a)(1).

---

[1] Subsequent unspecified statutory references are to the Penal Code.

[2] Under section 12022.53, subdivision (b), a person who personally uses a firearm in the commission of certain felonies "shall be punished by an additional and consecutive term of imprisonment in the state prison for 10 years." (§ 12022.53, subd. (b).)

At the time of Carter's initial sentencing, courts were statutorily prohibited from striking "an allegation under [section 12022.53] or a finding bringing a person within the provisions of [that] section." (Former § 12022.53, subd. (h).)

In 2017, while Carter's direct appeal was pending, the Legislature amended section 12022.53, subdivision (h). (Sen. Bill No. 620 (2017–2018 Reg. Sess.) § 2.) The amendment authorized the sentencing court, "in the interest of justice pursuant to [s]ection 1385" to "strike or dismiss an enhancement otherwise required to be imposed" under section 12022.53. (§ 12022.53, subd. (h).)

In 2018, we affirmed Carter's convictions in an unpublished opinion. (*People v. Carter* (Apr. 13, 2018, B275973).)[3] We held, however, that Senate Bill No. 620's amendment of section 12022.53, subdivision (h), applied retroactively to defendants whose judgments were not yet final, and that Carter was thus entitled to a new sentencing hearing at which the court could exercise its discretion to strike any of the personal use enhancements.

After remand, the court held a resentencing hearing and declined to strike the enhancements. Carter appealed.

In 2021, while his appeal from the resentencing hearing was pending, the Legislature added subdivision (b)(6) to section 1170. (Sen. Bill No. 567 (2021–2022 Reg. Sess.) § 1.3.) The new subdivision created, under certain circumstances, a presumption in favor of the lower term of a sentencing triad.

---

[3] Carter states in a footnote in his opening brief that he "has asked the court to take judicial notice" of our prior opinion. Although our file does not include such a request, we interpret the footnote as making that request, and hereby grant it.

3

(§ 1170, subd. (b)(6); see *People v. Salazar* (2023) 15 Cal.5th 416, 419.)

In an unpublished opinion, we agreed with Carter and the Attorney General that Senate Bill No. 567 applied to defendants whose judgments were not yet final, including Carter.  (*People v. Carter* (June 1, 2022, B311329).)  We directed the trial court to resentence Carter, noting that "the court may reconsider all of its prior discretionary decisions when resentencing Carter."

The court held Carter's second resentencing hearing on August 1, 2023.  By that time, at least two Courts of Appeal had published opinions holding that if a sentencing court strikes an allegation under section 12022.53, it may impose a lesser included enhancement under section 12022.5[4] (*People v. Fuller* (2022) 83 Cal.App.5th 394, 399 (*Fuller*), review granted Nov. 22, 2022, review dism. & remanded June 26, 2024, S276762; *People v. Johnson* (2022) 83 Cal.App.5th 1074, 1093 (*Johnson*), review granted Dec. 14, 2022, review dism. & remanded June 26, 2024, S277196), one court held to the contrary (*People v. Lewis* (2022) 86 Cal.App.5th 34, 39, disapproved in *People v. McDavid* (2024) 15 Cal.5th 1015, 1030 (*McDavid*)), and our state Supreme Court had taken up the issue (*People v. McDavid* (July 14, 2022, D078919), review granted Sept. 28, 2022, S275940).

Carter did not request in his written sentencing memorandum or at the resentencing hearing that the court strike his section 12022.53 enhancement and impose a lesser included enhancement.  During the hearing, the court addressed

---

[4] Under section 12022.5, the court may impose a prison term of 3, 4, or 10 years if the defendant "personally uses a firearm in the commission of a felony or attempted felony." (§ 12022.5, subd. (a).)

the question whether to strike the personal use enhancements under Senate Bill No. 620, and declined to do so, stating: "[T]his court finds that the vulnerability of the victims, the sophistication and planning in how the robberies were carried out, the brazen manner in which the robberies took place and the number of times the defendant participated in committing robberies through the use of firearms, either personally or principally, militate against the dismissal of any of the gun enhancements." The court did not indicate whether it was aware that, if it had decided to strike the section 12022.53 enhancements, it had discretion to impose a lesser included enhancement under section 12022.5.

After hearing argument, the court resentenced Carter to a total term of 32 years 8 months—a seven-year reduction from the original sentence. The reduction is attributable to the court's selection of the low term on the principal term, instead of the medium term previously imposed, and the striking of a five-year prior serious felony enhancement previously imposed under section 667, subdivision (a).

Carter timely appealed.

## DISCUSSION

While this appeal was pending, our state Supreme Court decided *McDavid*, *supra*, 15 Cal.5th 1015. In *McDavid*, the court resolved a conflict among Courts of Appeal, holding that a "court, after striking a section 12022.53 enhancement, [may] impose a lesser included, uncharged enhancement authorized elsewhere in the Penal Code." (*McDavid*, *supra*, at p. 1021.) Carter contends that his resentencing court was apparently unaware that it had the discretion to impose a lesser gun enhancement under section 12022.5, and that we should remand this case to the

5

trial court for another resentencing hearing so that the court can consider whether to exercise such discretion.

The Attorney General contends that Carter has forfeited this argument by failing to raise it below. We agree.

"As a general rule, only 'claims properly raised and preserved by the parties are reviewable on appeal.' [Citation.] [Our state Supreme Court] adopted this waiver rule 'to reduce the number of errors committed in the first instance' [citation], and 'the number of costly appeals brought on that basis' [citation]. . . . Thus, all 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' raised for the first time on appeal are not subject to review." (*People v. Smith* (2001) 24 Cal.4th 849, 852; see *People v. Trujillo* (2015) 60 Cal.4th 850, 856 [the forfeiture rule generally " 'applies in the context of sentencing as in other areas of criminal law' "].) Here, Carter has forfeited the argument he asserts on appeal because he failed to raise it below.

Carter suggests that the forfeiture rule should not apply because *McDavid* was not decided until after his latest resentencing hearing. The argument that a court has discretion to impose an enhancement under section 12022.5 after striking an enhancement imposed under section 12022.53, however, was indisputably available to Carter during his latest resentencing hearing. The *Fuller* and *Johnson* decisions, which supported the argument, and the Supreme Court's grant of review in *McDavid*, had been announced 10 months prior to Carter's sentencing hearing.[5] Although, as Carter points out, the rule was unsettled

---

[5] Although the Supreme Court had granted review in *Fuller* and *Johnson* pending its decision in *McDavid*, the

prior to *McDavid*, that circumstance is not an exception to the forfeiture rule. (Cf. *People v. Drew* (2017) 16 Cal.App.5th 253, 259 [unsettled state of law does not justify failure to assert argument based on such law].) Nor does the record indicate that the court was unaware of its discretion under *Fuller* and *Johnson*. (See *People v. Gutierrez* (2009) 174 Cal.App.4th 515, 527 [we presume that the trial court is aware of the applicable law, including discretionary sentencing principles]; *People v. Mosley* (1997) 53 Cal.App.4th 489, 496 [same].)

Carter also relies on the rule that when a court announces a new rule of law, the rule ordinarily applies to all cases pending on direct review when the rule is announced. (*People v. Guerra* (1984) 37 Cal.3d 385, 399–400.) *McDavid* announced such a rule, Carter argues, and it should apply to him on appeal. We do not disagree with this rule; *McDavid* would govern a challenge to the court's failure to exercise discretion in deciding whether to impose a lesser included enhancement if that challenge had not been forfeited by failing to raise it below. Because Carter forfeited the issue, however, *McDavid* has no application in this appeal.

---

published opinions in *Fuller* and *Johnson* remained published and citable for their "persuasive value." (Cal. Rules of Court, rule 8.1115(e)(1).)

**DISPOSITION**

The August 1, 2023 order resentencing appellant is affirmed.

NOT TO BE PUBLISHED.

ROTHSCHILD, P. J.

We concur:

BENDIX, J.

KIM, J.