Filed 6/24/24 (see concurring & dissenting opinion)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H051569 |
| Petitioner, | (Santa Clara County Super. Ct. No. C9925466) |
| v. | |
| THE SUPERIOR COURT OF SANTA CLARA COUNTY, | |
| Respondent; | |
| SYLVESTER WILLIAMS, | |
| Real Party in Interest. | |

## I.  INTRODUCTION

In 1999, real party in interest Sylvester Williams[1] was convicted of indecent exposure with a prior conviction (Pen. Code, § 314, subd. (1)).[2]  As a result of prior strike convictions, he was sentenced to 25 years to life under a former version of the Three Strikes law, plus an additional two years for two prior prison term enhancements.

In 2012, Williams filed a petition for recall of sentence under the Three Strikes Reform Act of 2012 (the Three Strikes Reform Act or Reform Act) (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)).  Under the Reform Act, some third strike defendants whose current offense is not a serious or violent felony "are excepted from the provision imposing an indeterminate life sentence [citation] and are instead sentenced in

---

[1] Williams is also referred to in the record as Sylester Williams.

[2] All further statutory references are to Penal Code.

the same way as second strike defendants [citation]: that is, they receive a term equal to 'twice the term otherwise provided as punishment for the current felony conviction' [citation]." (*People v. Conley* (2016) 63 Cal.4th 646, 653 (*Conley*).) Eligible defendants may seek resentencing pursuant to section 1170.126 of the Reform Act. However, resentencing may be denied if "the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).) In this case, the trial court denied Williams' petition after finding that he posed an unreasonable risk of danger to public safety.

Effective in 2020, the Legislature limited the circumstances in which a prior prison term enhancement may apply and effective in 2022, enacted a statute allowing for resentencing in certain cases. (§ 667.5, subd. (b), as amended by Stats. 2019, ch. 590, § 1, eff. Jan. 1, 2020; former § 1171.1, added by Stats. 2021, ch. 728, § 3, eff. Jan. 1, 2022, renumbered without substantive change as § 1172.75 by Stats. 2022, ch. 58, § 12, eff. June 30, 2022.) Under section 1172.75, for eligible cases with a legally invalid prior prison term enhancement, the trial court in resentencing a defendant "shall . . . apply any other changes in law that reduce sentences." (*Id.*, subd. (d)(2).)

In seeking relief in the trial court in 2023 for his newly invalid prior prison term enhancements, Williams contended that in addition to striking those enhancements pursuant to section 1172.75, he was entitled to be resentenced to a maximum sentence of six years as a "two-striker" under the revised penalty provisions of the Three Strikes Reform Act because his most recent conviction was not a serious or violent felony. The People opposed resentencing Williams. The trial court ultimately determined that section 1172.75 concerning resentencing due to an invalid prior prison term enhancement did not improperly amend the Three Strikes law, that the court was required to apply the current law in resentencing Williams, and that Williams was therefore entitled to be resentenced as a second striker. The court recalled Williams's sentence and resentenced

2

him to six years (the upper term doubled), struck the two prior prison term enhancements, and deemed the sentence satisfied.

In the pending petition for writ of mandate in this court, the People contend that the trial court erred in applying the revised penalty provisions of the Three Strikes Reform Act (§ 1170.12), which resulted in Williams receiving a six-year sentence, when the court resentenced him under section 1172.75 due to invalid prior prison term enhancements. The People argue that by applying the revised penalty provisions of the Three Strikes Reform Act when resentencing Williams under section 1172.75, the court bypassed the public safety inquiry required by section 1170.126 of the Three Strikes Reform Act, and that section 1172.75 thereby constitutes an improper amendment of the Three Strikes Reform Act. The People seek a writ of mandate directing the trial court to set aside its order recalling Williams's sentence and to enter a new order denying Williams's petition for resentencing under section 1172.75.

We determine that applying the revised penalty provisions of the Three Strikes Reform Act to reduce a defendant's indeterminate life term to a determinate term when the defendant is being resentenced under section 1172.75 due to an invalid prior prison term enhancement unconstitutionally amends the resentencing procedure and requirements set forth in section 1170.126 of the voter-approved Three Strikes Reform Act. We will therefore issue a peremptory writ of mandate directing respondent court: (1) to vacate its order resentencing Williams to a six-year term, and (2) to hold a new resentencing hearing at which Williams's sentence of 25 years to life is reinstated and at which the court may reconsider, as necessary, the court's other sentencing orders such as those regarding custody credits and fines.

## II. BACKGROUND

### A. *The 1999 Conviction*

In 1999, Williams was convicted after court trial of indecent exposure with a prior conviction (§ 314, subd. (1)). The court also found true allegations that Williams had suffered five prior strike convictions (former §§ 667, subds. (b)–(i), 1170.12) and had

3

served two prior prison terms (former § 667, subd. (b)). Williams was sentenced to 25 years to life consecutive to a two-year term for the prior prison term enhancements. This court affirmed the judgment. (*People v. Williams* (May 7, 2002, H021986) [nonpub. opn.].)

**B.** ***The 2012 Petition for Recall of Sentence Under Section 1170.126 of the Three Strikes Reform Act***

In 2012, Williams filed a petition for recall of sentence under section 1170.126 of the Three Strikes Reform Act. The trial court denied the petition after finding that Williams posed an unreasonable risk of danger to public safety. This court affirmed the order. (*People v. Williams* (June 24, 2015, H040681) [nonpub. opn.].)

**C.** ***The 2023 Petition for Recall of Sentence and Resentencing Under Section 1172.75 Based on Invalid Prior Prison Term Enhancements***

Several years later, the Legislature limited the circumstances in which a prior prison term enhancement may be imposed and provided for resentencing of certain defendants under section 1172.75. Williams was identified as having a sentence with now legally invalid prior prison term enhancements, he was appointed counsel, and in May 2023, he filed a petition seeking recall of his sentence and resentencing under section 1172.75. In the petition, Williams contended that his two prior prison term enhancements were no longer valid and should be struck. He further argued that he was entitled to a full resentencing and that the trial court should "apply ameliorative changes in the law that have been enacted since his original sentencing and re-sentence him as a two-striker" pursuant to section 1172.75, subdivision (d)(2). Williams contended that he was not subject to a three strikes sentence under current law because, among other things, his most recent conviction was not a serious or violent felony. As a "two-striker," Williams argued that his maximum sentence was six years. In making this argument, Williams contended that he was not subject to a life sentence under section 1170.126 of the Reform Act because that section applied only to a defendant who is serving an

4

indeterminate term of imprisonment. His sentence, however, was being recalled under section 1172.75 due to the invalid prior prison term enhancements, and thus he was no longer serving an indeterminate sentence. Williams contended that section 1170.126, regarding resentencing for third strike sentences, and section 1172.75, regarding resentencing for prior prison term enhancements, "require no harmonization" because they are "two different methods for a case to make its way back to the court for sentencing."

In opposition to the petition, the People, represented by the district attorney, contended that Williams had previously been denied a resentencing hearing under Proposition 36 (the Three Strikes Reform Act) because he posed an unreasonable risk to public safety. The People argued that Williams "did not meet the voter mandated method for retroactive application of the ameliorative provision of Proposition 36," and that he should not be permitted to "do an end run around the voter prescriptions" by utilizing the more recent legislative enactment which provides automatic resentencing in cases involving qualifying prison priors. The People contended that the Legislature did not have the authority "to enact a law to circumvent those voter mandated procedures" and that Legislature did "not have the authority to accomplish by indirect means that which [it was] not permitted to do directly."

In reply, Williams contended[3] that the People's argument was based on "the false assumption that a conviction is fixed for eternity and may never be subject to vacatur." He argued that the section 1170.126 resentencing procedures under the Three Strikes Reform Act did not apply to those, like him, whose judgments had been vacated.

---

[3] The parties stipulated below that the prosecution and defense briefs filed in another case involving a "nearly identical issue" and set for hearing on the same day and in front of the same judge as Williams's case could be considered by the trial court in deciding Williams's case. Our summary of the reply and surreply arguments are taken from the reply and surreply briefs in the other case. The People have provided copies of those briefs as exhibits to their current petition in Williams's case.

Williams also argued that Proposition 36 pertained to a specific resentencing scheme, not the general power of recall and vacatur by the Legislature or defendants serving sentences with prior prison term enhancements. According to Williams, the Legislature was free to address a related area that an initiative does not specifically authorize or prohibit, and that recall and vacatur due to an invalid prison prior was such a distinct area.

In a surreply, the People contended that Proposition 36 sets forth the condition – a determination of public safety – for recall of sentence for a defendant subject to a Three Strikes sentence, but that section 1172.75 provides "an entirely different condition" by only requiring a qualifying prison prior. The People also argued that Proposition 36 gives a prosecutor the opportunity to plead and prove a super strike conviction to a jury, whereas William's interpretation of section 1170.126 "wipes away these processes by demanding a non-life sentence."

**D.** *The Trial Court's Initial July 14, 2023 Order Granting Williams's Petition*

On July 14, 2023, a hearing was held on Williams's petition for resentencing. After hearing argument from the parties, the trial court orally ruled that the amended prison prior statute did not amend the Three Strikes law, that Williams was entitled to a recall of his sentence, and that he was entitled to a full resentencing. The matter was continued for one week to allow the People time to decide whether to seek writ review of the court's ruling.

**E.** *The Grant of the People's Motion for Reconsideration*

On July 18, 2023, the People filed a motion for reconsideration based on a Third District Court of Appeal opinion that had been filed on the same day as the hearing on Williams's petition for resentencing. In the opinion, the Third District concluded that a defendant is not entitled to be resentenced as a second striker upon recall of sentence under the amended prison prior statute. Based on the Third District's opinion, the People

6

requested that the trial court reconsider its July 14, 2023 ruling and deny Williams's request for resentencing other than to strike his prison priors.

At the continued hearing on July 21, 2023, the trial court granted the People's motion for reconsideration, reconsidered the court's ruling in light of the Third District case, and indicated that Williams would not be resentenced as a second striker. Following this ruling, the parties disagreed as to whether the court had the authority to do anything further other than strike Williams's prison priors, including whether the court had the authority to rule on a *Romero* motion.[4] The court provided the opportunity for further briefing and set the matter for a resentencing hearing.

### F. *The Grant of Williams's Motion for Reconsideration and Resentencing*

Prior to the resentencing hearing, Williams filed a petition seeking to be resentenced as a second striker, an application for mental health diversion, and apparently a renewed *Romero* motion to dismiss his prior strikes. The People filed written opposition and alternatively requested that the trial court continue the matter until the Second District Court of Appeal filed an anticipated opinion that the People believed would "shed further light" on certain issues in Williams's case. The trial court granted a continuance.

Williams filed a motion for reconsideration, requesting that the trial court reinstate its initial July 14, 2023 ruling granting his petition for resentencing under the Three Strikes law as it currently existed. In support of the motion, Williams explained that the Third District opinion, which the trial court had relied upon in granting the People's motion for reconsideration, had been depublished and was therefore not binding on the trial court. Specifically, the defendant in the Third District case had filed a petition for review in the California Supreme Court; the Attorney General filed an answer in the California Supreme Court conceding that the Third District case was wrongly decided;

---

[4] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

7

and the California Supreme Court granted review, transferred the matter back to the Third District with directions to reconsider in light of the Attorney General's concession, and ordered that the opinion be depublished.

At a hearing on November 3, 2023, the trial court granted Williams's motion for reconsideration and stated that the court's July 14, 2023 ruling which granted Williams's petition for resentencing was "correct." Williams indicated that the court's new ruling rendered moot his other requests for mental health diversion and to strike his prior strikes. He indicated that he would stipulate to a six-year sentence, with his actual days in custody exceeding the sentence. The court continued the matter so that the victims could be notified of their right to be heard.

At a November 8, 2023 hearing, the trial court again stated that it was granting Williams's motion for reconsideration and reinstating its initial July 14, 2023 order granting Williams's petition for resentencing. The court found that section 1172.75 was not an unconstitutional amendment of the Three Strikes law, that the court was required to apply the current version of the Three Strikes law in resentencing Williams, and that Williams was therefore entitled to be resentenced as a second striker. The court recalled Williams's sentence and resentenced him to six years, the upper term doubled. The court struck Williams's two prior prison term enhancements. Based on Williams's actual days of credit after the original sentence was imposed, the court deemed the sentence satisfied.

G. *Writ Proceedings*

The People filed the instant petition for writ of mandate in this court, contending that the trial court erred in resentencing Williams under section 1172.75 and that Proposition 36 established the requirements for resentencing him. The People seek a writ of mandate directing the trial court to set aside its order recalling Williams's sentence and to enter a new order denying Williams's petition for resentencing under section 1172.75. The People also requested a stay to prevent Williams's release and regarding all further trial court proceedings pending this court's writ review. This court granted the stay

8

request, requested opposition, and ultimately issued an order directing the trial court to show cause why a peremptory writ should not issue as requested in the petition for writ of mandate.

### III. DISCUSSION

The issue in this case is whether the revised penalty provisions of the Three Strikes Reform Act (§ 1170.12), which resulted in Williams receiving a six-year sentence, applied when he was resentenced under section 1172.75 due to invalid prior prison term enhancements.

We first provide a brief overview of (1) the Three Strikes Reform Act, including resentencing under section 1170.126, and (2) the more recent legislative change regarding resentencing under section 1172.75 due to invalid prior prison term enhancements. We then turn to the issue of whether the trial court properly resentenced Williams to six years in this case.

### A. *Three Strikes Reform Act of 2012*

Under the Three Strikes law as originally enacted in 1994, "a felony defendant who had been convicted of a single prior serious or violent felony (a second strike defendant) was to be sentenced to a term equal to 'twice the term otherwise provided as punishment for the current felony conviction.' [Citation.] By contrast, a defendant who had been convicted of two or more prior serious or violent felonies (a third strike defendant) was to be sentenced to 'an indeterminate term of life imprisonment with a minimum term of' at least 25 years. [Citation.]" (*Conley*, *supra*, 63 Cal.4th at p. 652; *see id.* at p. 651.)[5]

---

[5] "[T]he Three Strikes law 'consists of two, nearly identical statutory schemes.' [Citation.] The first of these schemes was enacted by the Legislature in March 1994. (Pen. Code, former § 667, subds. (b)–(i).) The second was enacted by ballot initiative in November of the same year. (Pen. Code, former § 1170.12, added by Prop. 184, as approved by voters, Gen. Elec. (Nov. 8, 1994) (Proposition 184).) The two statutes differ only in minor respects not relevant here. [Citation.]" (*Conley*, *supra*, 63 Cal.4th at (continued)

9

In 2012, voters enacted Proposition 36, the Three Strikes Reform Act. (*Conley*, *supra*, 63 Cal.4th at p. 651.) "The Reform Act changed the sentence prescribed for a third strike defendant whose current offense is not a serious or violent felony. [Citation.] Under the Reform Act's revised penalty provisions, many third strike defendants are excepted from the provision imposing an indeterminate life sentence [citation] and are instead sentenced in the same way as second strike defendants [citation]: that is, they receive a term equal to 'twice the term otherwise provided as punishment for the current felony conviction' [citation]." (*Id*. at pp. 652–653; see, e.g., § 1170.12, subd. (c)(1), (2)(A) & (C).) The Reform Act contains exceptions to these revised penalty provisions, and those exceptions "relate to a defendant's current offense and prior offenses." (*People v. Johnson* (2015) 61 Cal.4th 674, 681 (*Johnson*); see § 1170.12, subd. (c)(2)(C)(i)–(iv).)[6]

The Reform Act "also enacted a procedure governing inmates sentenced under the former Three Strikes law whose third strike was neither serious nor violent, permitting them to petition for resentencing in accordance with Proposition 36's new sentencing provisions. [Citations.]" (*People v. Valencia* (2017) 3 Cal.5th 347, 350.) Specifically,

---

p. 652, fn. omitted.) For convenience, we cite to the statutory scheme enacted by Proposition 184 (section 1170.12). "Our decision, however, applies equally to both." (*Conley*, *supra*, at p. 652, fn. 1.)

[6] Specifically, a "defendant does not qualify for this ameliorative change . . . if [the defendant's] current offense is a controlled substance charge involving large quantities [citation], one of various enumerated sex offenses [citation], or one in which he [or she] used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury [citation]. The ameliorative provisions of the Reform Act also do not apply in cases in which the defendant was previously convicted of certain enumerated offenses, including those involving sexual violence, child sexual abuse, homicide or attempted homicide, solicitation to commit murder, assault with a machine gun on a peace officer or firefighter, possession of a weapon of mass destruction, or any serious or violent felony punishable by life imprisonment or death. [Citation] The Act provides that these disqualifying factors must be pleaded and proved by the prosecution. [Citation.]" (*Conley*, *supra*, 63 Cal.4th at p. 653.)

section 1170.126 provides that "persons presently serving an indeterminate term of imprisonment" under the prior version of the Three Strikes law "may file a petition for a recall of sentence, within two years after the effective date of the act . . . or at a later date upon a showing of good cause, before the trial court that entered the judgment of conviction . . . to request resentencing . . . ." (§ 1170.126, subds. (a) & (b); see *Conley*, *supra*, 63 Cal.4th at p. 653.) "Like a defendant who is being sentenced under the new provisions, an inmate is disqualified from resentencing if any of the exceptions . . . are present. [Citation.]" (*Johnson*, *supra*, 61 Cal.4th at p. 682.)

However, the Three Strikes Reform Act "is more cautious with respect to resentencing." (*Johnson*, *supra*, 61 Cal.4th at p. 686.) "In contrast to the rules that apply to sentencing [under section 1170.12], . . . the rules governing resentencing [under section 1170.126] provide that an inmate will be denied recall of his or her sentence if 'the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.' (§ 1170.126, subd. (f).)" (*Id.* at p. 682.) "In exercising this discretion, the court may consider the defendant's criminal conviction history, the defendant's disciplinary record and record of rehabilitation while incarcerated, and '[a]ny other evidence the court . . . determines to be relevant.' ([§ 1170.126], subd. (g).)" (*Conley*, *supra*, 63 Cal.4th at p. 653.)

**B.** *Resentencing Under Section 1172.75 for Legally Invalid Prior Prison Term Enhancements*

Effective January 1, 2020, prior prison term enhancements under section 667.5, subdivision (b) were limited to cases in which the defendant's prior prison term was for a sexually violent offense. (Stats. 2019, ch. 590, § 1.) The Legislature later declared that prior prison term enhancements imposed before January 1, 2020 were "legally invalid" if the enhancement was imposed for a prior conviction other than a sexually violent offense. (§ 1172.75, subd. (a), formerly § 1171.1, subd. (a); see *People v. Renteria* (2023) 96 Cal.App.5th 1276, 1282 (*Renteria*).)

Section 1172.75 sets forth the procedure for resentencing if the defendant's sentence includes a legally invalid prior prison term enhancement. Specifically, the trial court "shall recall the sentence and resentence the defendant" "[i]f the court determines that the current judgment includes" a legally invalid prior prison term enhancement as described in section 1172.75, subdivision (a). (*Id.*, subd. (c).)

Section 1172.75, subdivision (d) sets forth several rules regarding the resentencing. First, "[r]esentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed." (*Id.*, subd. (d)(1).) Second, "[t]he court shall apply the sentencing rules of the Judicial Council and *apply any other changes in law that reduce sentences* or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2), italics added.) Third, "[t]he court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (*Id.*, subd. (d)(3).) Fourth, "[u]nless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id.*, subd. (d)(4).)

## C. *Legislative Amendment of an Initiative Statute*

This appeal presents the issue of whether section 1172.75, regarding resentencing for prior prison term enhancements, unconstitutionally amended the Three Strikes Reform Act (Proposition 36). " '[U]nder article II, section 10, subdivision (c) [of the California Constitution],[7] the voters have the power to decide whether . . . the Legislature can amend . . . initiative statutes.' " (*Amwest Surety Ins. Co. v. Wilson* (1995) 11 Cal.4th 1243, 1251 (*Amwest Surety*).) The California Supreme Court has observed that " '[t]he purpose of California's constitutional limitation on the Legislature's power to amend initiative statutes is to "protect the people's initiative powers by precluding the Legislature from undoing what the people have done, without the electorate's consent." [Citations.]' [Citation.] In this vein, decisions frequently have asserted that courts have a duty to ' " 'jealously guard' " ' the people's initiative power, and hence to ' " 'apply a liberal construction to this power wherever it is challenged in order that the right' " ' to resort to the initiative process ' " 'be not improperly annulled' " ' by a legislative body. [Citations.]" (*People v. Kelly* (2010) 47 Cal.4th 1008, 1025.)

The power of the voters to decide whether the Legislature may amend an initiative statute " 'includes the power to enable legislative amendment subject to conditions attached by the voters. [Citation.]' [Citations.]" (*Amwest Surety*, *supra*, 11 Cal.4th at p. 1251, italics omitted.) Relevant here, the Three Strikes Reform Act allows the Legislature to amend the Reform Act "[b]y statute passed in each house of the Legislature, by rollcall entered in the journal, with two-thirds of the membership and the Governor concurring . . . ." (Voter Information Guide, Gen. Elec. (Nov. 6, 2012) text of Prop. 36, § 11, subd. (a), p. 110.) The legislation containing former section 1171.1,

---

[7] Article II, section 10, subdivision (c) of the California Constitution states in part: "The Legislature may amend or repeal an initiative statute by another statute that becomes effective only when approved by the electors unless the initiative statute permits amendment or repeal without the electors' approval."

13

(which was renumbered as section 1172.75 without any change to the text) was not passed by the requisite margin.  (See Sen. Daily J. (Sept. 10, 2021) p. 2611 [26 of 40 members voted in favor]; Assem. Daily J. (Sept. 9, 2021) p. 3027 [43 of 80 members voted in favor]; Cal. Const., art. IV, § 2, subd. (a)(1) ["Senate has a membership of 40 Senators"], (2) ["Assembly has a membership of 80 members"]; *People v. Superior Court (Guevara)* (2023) 97 Cal.App.5th 978, 985, review granted Mar. 12, 2024, S283305 (*Guevara*); *People v. Kimble* (2024) 99 Cal.App.5th 746, 758, fn. 6, review granted Apr. 24, 2024, S284259 (*Kimble*); see also *People v. Guzman* (2019) 8 Cal.5th 673, 687 [observing that a mere " ' "clean-up" ' amendment" passed with the requisite voting margin does not operate to revive a statutory provision]; *see id.* at pp. 685–686; *People v. DeLeon* (2017) 3 Cal.5th 640, 653 [determining that amendment and reenactment of statutes by requisite voting margin, where the "amendments cannot be dismissed as merely technical," reaffirmed Legislature's earlier enactments].) Accordingly, section 1172.75 would be invalid to the extent it amended the Three Strikes Reform Act.  (See *People v. Superior Court* (*Pearson*) (2010) 48 Cal.4th 564, 569 (*Pearson*).)

An "amendment" has been "described . . . as 'a legislative act designed to change an existing initiative statute by adding or taking from it some particular provision.' [Citation.]  But this does not mean that any legislation that concerns the same subject matter as an initiative, or even augments an initiative's provisions, is necessarily an amendment for these purposes.  'The Legislature remains free to address a " 'related but distinct area' " [citations] or a matter that an initiative measure "does not specifically authorize or prohibit." ' [Citations.]  In deciding whether [a] particular provision amends [a proposition], we simply need to ask whether it prohibits what the initiative authorizes, or authorizes what the initiative prohibits." (*Pearson*, *supra*, 48 Cal.4th at p. 571.)  "In resolving the question, we must decide what the voters contemplated.  '[T]he voters should get what they enacted, not more and not less.' [Citation.]" (*Ibid.*)

14

"This is a question of statutory interpretation. When we interpret an initiative, we apply the same principles governing statutory construction. We first consider the initiative's language, giving the words their ordinary meaning and construing this language in the context of the statute and initiative as a whole. If the language is not ambiguous, we presume the voters intended the meaning apparent from that language, and we may not add to the statute or rewrite it to conform to some assumed intent not apparent from that language. If the language is ambiguous, courts may consider ballot summaries and arguments in determining the voters' intent and understanding of a ballot measure. [Citation.]" (*Pearson*, *supra*, 48 Cal.4th at p. 571.)

## D. *Analysis*

As we have set forth above, section 1172.75 provides that, when resentencing a defendant who has an invalid prior prison term enhancement, the trial court "shall . . . apply any other changes in law that reduce sentences." (*Id.*, subd. (d)(2).) In three recent cases, appellate courts have determined that when a defendant is resentenced under section 1172.75 due to the existence of an invalid prior prison term enhancement, the defendant is *not* entitled to application of the revised penalty provisions of the Three Strikes Reform Act (§ 1170.12) to potentially reduce an indeterminate life term to a determinate term. (*Guevara*, *supra*, 97 Cal.App.5th 978, review granted; *Kimble*, *supra*, 99 Cal.App.5th 746, review granted; *People v. Santos* (2024) 100 Cal.App.5th 666, review granted May 26, 2024, S284341 (*Santos*); but see *Guevara*, *supra*, at pp. 988–995 (dis. opn. of Baltodano, J.).) We agree with these three cases. As we will explain, applying the revised penalty provisions of the Three Strikes Reform Act to potentially reduce a defendant's indeterminate life term to a determinate term when the defendant is being resentenced under section 1172.75 due to an invalid prior prison term enhancement unconstitutionally amends the resentencing procedure and requirements set forth in section 1170.126 of the voter-approved Three Strikes Reform Act. (See *Guevara*, *supra*, at p. 987, review granted.)

15

The Three Strikes Reform Act, or Proposition 36, was approved by voters in 2012. (*Conley*, *supra*, 63 Cal.4th at p. 651.) The Three Strikes Reform Act added resentencing procedures in section 1170.126, which provides that (1) an inmate petitioning for a recall of sentence under the Reform Act must file the petition "within two years after the effective date of the act . . . or at a later date upon a showing of good cause," and (2) an inmate will be denied resentencing if "the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subds. (b) & (f).) A trial court's finding of an unreasonable risk of danger to public safety under this provision must be supported by a preponderance of the evidence. (*People v. Frierson* (2017) 4 Cal.5th 225, 239.)

In contrast, the resentencing procedure for an invalid prior prison term enhancement is found in section 1172.75, which was enacted by the Legislature approximately 10 years later. (See *Renteria*, *supra*, 96 Cal.App.5th at p. 1282.) Under section 1172.75, the trial court "shall recall the sentence and resentence the defendant" "[i]f the court determines that the current judgment includes" a legally invalid prior prison term enhancement. (*Id.*, subd. (c).) In resentencing the defendant, the court "shall . . . apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) Although section 1172.75 also provides that a lesser sentence is not required if it "would endanger public safety," a court may make such a finding only upon "clear and convincing evidence." (*Id.*, subd. (d)(1).) This clear and convincing standard under section 1127.75 imposes a higher evidentiary standard for a trial court to find a danger to public safety than the preponderance of the evidence standard under section 1170.126 of the Three Strikes Reform Act. (See *Guevara*, *supra*, 97 Cal.App.5th at p. 987, review granted.)

We determine that section 1172.75, regarding resentencing for invalid prior prison term enhancements, is " 'a legislative act' " that " 'change[s the Three Strikes Reform

16

Act] by . . . taking from it' " (1) the lower standard of proof required for a court to determine whether a defendant poses an unreasonable risk of danger to public safety, as well as the preexisting finding that the defendant poses an unreasonable risk of danger to public safety, and (2) the requirement that a petition for recall of sentence be filed by 2014, that is, within two years after the effective date of the Reform Act. (*Pearson*, *supra*, 48 Cal.4th at p. 571.) As stated by the appellate court in *Guevara*, section 1172.75, subdivision (d)(2), which provides that the trial court "shall . . . apply any . . . changes in law that reduce sentences," "renders void for those lucky enough to have had a prior prison term enhancement the provisions of section 1170.126 [of the Three Strikes Reform Act], requiring the filing of a petition, the deadline for filing the petition, and the trial court's discretion to deny the petition on the ground of an unreasonable risk to public safety [based on a lower evidentiary standard]. In other words, contrary to the [resentencing procedure, requirements, and] express words of section 1170.126 . . . [of the Reform Act], the trial court must release [Williams] even though his release has been found to pose an unreasonable risk of danger to public safety" (*Guevara*, *supra*, 97 Cal.App.5th at p. 984).

First, regarding the public safety determination under the Three Strikes Reform Act, the California Supreme Court has explained that "the Reform Act was motivated in large measure by a determination that sentences under the prior version of the Three Strikes law were excessive. . . . But voters were motivated by other purposes as well, including the protection of public safety. The ballot materials explained that 'dangerous criminals are being released early from prison because jails are overcrowded with nonviolent offenders who pose no risk to the public.' [Citation.] Voters were told that the Reform Act would protect public safety by 'prevent[ing] dangerous criminals from being released early' [citation] and would have no effect on 'truly dangerous criminals' [citation]. [¶] The recall procedures in Penal Code section 1170.126 were designed to strike a balance between these objectives of mitigating punishment and protecting public

safety by creating a resentencing mechanism for persons serving indeterminate life terms under the former Three Strikes law, but making resentencing subject to the trial court's evaluation of whether, based on their criminal history, their record of incarceration, and other relevant considerations, their early release would pose an 'unreasonable risk of danger to public safety.' [Citation.]" (*Conley*, *supra*, 63 Cal.4th at p. 658.) For a defendant being resentenced under section 1172.75 due to an invalid prior prison term enhancement, allowing direct application of the revised penalty provisions under section 1170.12 of the Three Strikes Reform Act, rather than the resentencing provisions of section 1170.126 of the Three Strikes Reform Act, would affect the "balance" struck by voters in passing the Three Strikes Reform Act "between [the] objectives of mitigating punishment and protecting public safety." (*Conley*, *supra*, at p. 658.) Such an interpretation "unconstitutionally eliminates the public safety half of the balance." (*Guevara*, *supra*, 97 Cal.App.5th at p. 985, review granted.)

In this regard, voters were informed by the Legislative Analyst in the Voter Information Guide for Proposition 36 that a "court would be required to resentence eligible offenders unless it determines that resentencing the offenders would pose an unreasonable risk to public safety. . . . Offenders whose requests for resentencing are *denied* by the courts *would continue to serve out their life terms as they were originally sentenced*." (Voter Information Guide, Gen. Elec., *supra*, analysis of Prop. 36 by Legis. Analyst, p. 50, italics added.) "Neither the plain language of the statute nor the voter information guide suggests the voters intended that determination to be revisited . . . ." (*People v. Valencia* (2021) 64 Cal.App.5th 641, 651 (*Valencia*).)

Thus, as applied to this case, the "Reform Act allows resentencing, but only for those found not to be a danger to the public. [Williams] was found to be a danger to the public. Thus the Reform Act mandates that [Williams] remains sentenced to 25 years to life. [Former section 1171.1, which was renumbered without change to s]ection 1172.75[,] was passed by less than two-thirds of the members of both houses of

the Legislature. [Section 1172.75] may not vacate that sentence." (*Guevara*, *supra*, 97 Cal.App.5th at p. 986, review granted; see *Kimble*, *supra*, 99 Cal.App.5th at pp. 754–755, 758, fn. 6, review granted; *Santos*, *supra*, 100 Cal.App.5th at pp. 676–677, review granted.) Allowing the revised penalty provisions of the Three Strikes Reform Act to reduce a defendant's indeterminate life term to a determinate term when the defendant is being resentenced under section 1172.75 due to an invalid prior prison term enhancement would unconstitutionally amend section 1170.126 of the voter-approved Three Strikes Reform Act. (See *Guevara*, *supra*, at p. 987, review granted.)

Second, an inmate's petition for a recall of sentence generally must be filed "within two years after the effective date" of the Three Strikes Reform Act. (§ 1170.126, subd. (b).) Consequently, except upon a showing of good cause, "[t]he time to petition for recall of sentence . . . expired in November 2014. [Citation.]" (*Valencia*, *supra*, 64 Cal.App.5th at p. 647.) This petition procedure under section 1170.126 of the Three Strikes Reform Act is "a special mechanism that entitles all persons 'presently serving' indeterminate life terms imposed under the prior law to seek resentencing under the new law." (*Conley*, *supra*, 63 Cal.4th at p. 657.)

We believe the applicability of section 1170.126's resentencing provisions to "persons presently serving an indeterminate term of imprisonment" (§ 1170.126, subd. (a)) refers to defendants who were *then* serving such a term under the Three Strikes law at the time section 1170.126 went into effect in 2012. The California Supreme Court has explained that under *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), "new laws that reduce the punishment for a crime are presumptively to be applied to defendants whose judgments are not yet final." (*Conley*, *supra*, 63 Cal.4th at p. 656.)[8] However, "[t]he

---

**8** "The *Estrada* rule rests on an inference that, in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal (continued)

19

Legislature [or the electorate] may write statutes that provide for a different or more limited form of retroactivity, or for no retroactivity at all. This includes the prerogative to disclaim the application of a new ameliorative law to proceedings that occur after a defendant's conviction or sentence has been vacated." (*People v. Padilla* (2022) 13 Cal.5th 152, 162 (*Padilla*).) Here, in passing the Three Strikes Reform Act "the voters did not distinguish between final and nonfinal sentences, as *Estrada* would presume, but instead drew the relevant line between prisoners 'presently serving' indeterminate life terms—whether final or not—and defendants yet to be sentenced." (*Conley*, *supra*, at p. 658.) For persons "presently serving" indeterminate life terms, section 1170.126 tethers the two-year timeframe in which they may petition for a recall of sentence to "the effective date of the act that added this section," which was November 7, 2012. (§ 1170.126, subds. (a) & (b); see *Conley*, *supra*, at p. 652.) Indeed, "[t]he Legislative Analyst characterized these resentencing costs as a 'one-time cost' that would last only 'a couple of years' . . . ." (*Valencia*, *supra*, 64 Cal.App.5th at p. 650, citing Voter Information Guide, *supra*, analysis of Prop. 36 by Legis. Analyst, p. 50.) "The Voter Information Guide indicates that the voters understood Proposition 36 involved competing cost concerns, but found acceptable the costs associated with a single opportunity for resentencing within a relatively brief limitations period." (*Valencia*, *supra*, at p. 650.)

The provisions of the Three Strikes Reform Act thus indicate that voters intended the relevant circumstance to be the defendant's status – that is, presently serving a term under the Three Strikes law or yet to be sentenced – at the time the act became effective on November 7, 2012. In this case, Williams was "presently serving" a term under the Three Strikes law when the Reform Act went into effect, and thus the relief that he was

---

law to extend as broadly as possible, distinguishing only as necessary between sentences that are final and sentences that are not. [Citation.]" (*Conley*, *supra*, 63 Cal.4th at p. 657.)

entitled to under the Reform Act was limited to a petition for resentencing (which he filed and which was denied based on public safety). (§ 1170.126, subd. (a); see *Kimble*, *supra*, 99 Cal.App.5th at p. 755, review granted.) He may not now, through a resentencing procedure for invalid prior prison term enhancements (§ 1172.75), seek to apply the revised penalty provisions of section 1170.12 of the Three Strikes Reform Act and thereby avoid the resentencing procedure and requirements found in section 1170.126 of the Three Strikes Reform Act.

The dissent observes that the Three Strikes Reform Act authorizes a petition for recall of sentence outside the two-year timeframe "upon a showing of good cause." (§ 1170.126, subd. (b).) The dissent states that "recall and resentencing under section 1172.75 may constitute 'good cause' for the petitioner to file a renewed petition for resentencing under section 1170.126 past the two-year filing deadline of subdivision (b)." The dissent believes that there are multiple circumstances that would support a finding of good cause for a renewed petition under the Reform Act in this case. We are not persuaded that the legislative enactment of section 1172.75, which provides for resentencing due to an invalid prior prison term enhancement, constitutes good cause in this case such that Williams is entitled to make a second request for resentencing under the Reform Act outside the two-year timeframe. Nothing in the Reform Act or in the voter materials suggests that good cause includes subsequent legislative enactments that provide for recall and resentencing. In addition, a defendant's rehabilitative progress in prison does not constitute good cause to permit an untimely successive petition under the Reform Act. (*Valencia*, *supra*, 64 Cal.App.5th at pp. 644, 646, 651.) Further, we are not convinced that the burden is de minimis when a successive petition under the Reform Act is presented in conjunction with recall and resentencing for an invalid prior prison term enhancement, as the evaluation of the danger to public safety under each statutory scheme is not identical. (See §§ 1170.126, subd. (f) [no resentencing if "court, in its *discretion*, determines that resentencing the petitioner would pose an *unreasonable risk of*

21

*danger* to public safety" (italics added)], 1172.75, subd. (d)(1) [defendant not entitled to a lesser sentence if "the court finds by *clear and convincing evidence* that imposing a lesser sentence would *endanger* public safety" (italics added)].)

Williams cites *People v. Buycks* (2018) 5 Cal.5th 857, among other authorities, for the proposition that a trial court must conduct a full resentencing when part of a sentence is invalidated. However, "*Buycks* concerned Proposition 47 (approved Nov. 4, 2014) reclassifying certain drug and theft offenses from felonies and wobblers to misdemeanors. The question was whether it was appropriate to strike felony-based enhancements after the underlying offenses were reduced to misdemeanors. *Buycks* did not involve resentencing procedures for three strikes inmates under the Reform Act. We will not speculate what the Legislature may have intended in enacting section 1172.75, subdivision (d). Even if it did intend to provide for complete resentencing for such inmates as [Williams], the statute would not miraculously become constitutional." (*Guevara*, *supra*, 97 Cal.App.5th at p. 985.)

Nonetheless, the two statutory schemes regarding the Three Strikes Law and the prior prison term enhancement "are not so inconsistent that they cannot coexist." (*Guevara*, *supra*, 97 Cal.App.5th at p. 986, review granted; see also *Kimble*, *supra*, 99 Cal.App.5th at p. 756, review granted.) Williams petitioned for relief from his Three Strikes life term under section 1170.126, and his petition was denied based on public safety. In meeting the requirements of section 1172.75, his prior prison term enhancements may be struck pursuant to that section. In this regard Williams will "receive[] all he [is] entitled to under both statutes." (*Guevara*, *supra*, at p. 986, review granted.)

We are also not persuaded by Williams's contention that *Padilla*, *supra*, 13 Cal.5th 152 dictates a different result. *Padilla* involved Proposition 57, which "amended the law governing the punishment of juvenile offenses in adult criminal court by requiring hearings to determine whether the offenses should instead be heard in juvenile

22

court." (*Padilla*, *supra*, at p. 158.) The issue in *Padilla* was "whether Proposition 57 applies during resentencing when a criminal court sentence imposed on a juvenile offender before the initiative's passage has since been vacated." (*Ibid.*) The defendant was 16 years old at the time of his crimes, and he was convicted in adult criminal court. (*Id.* at p. 159.) He "was originally sentenced before Proposition 57 was enacted, but his judgment later became nonfinal when his sentence was vacated on habeas corpus and the case was returned to the trial court for imposition of a new sentence." (*Id.* at p. 158.) The California Supreme Court held, based on the *Estrada* presumption that new laws mitigating punishment "are presumed to apply to cases charged before the law's enactment but not yet final," that Proposition 57 applied to the defendant's resentencing "[b]ecause the judgment in [his] case became nonfinal when his sentence was vacated on habeas corpus." (*Padilla*, *supra*, at pp. 160, 170; see *id.* at p. 158.) In the course of its analysis, the California Supreme Court explained that "once a court has determined that a defendant is entitled to resentencing, the result is vacatur of the original sentence, whereupon the trial court may impose any appropriate sentence." (*Id.* at p. 163.) However, the California Supreme Court in *Padilla* also explained: "Of course, courts may assess the practical operation of an ameliorative law in determining whether it was intended to apply retroactively to all nonfinal cases, as *Estrada* presumes. Having undertaken such an assessment in [a prior case], we concluded that *Estrada's* 'inference of retroactivity should apply' to Proposition 57. [Citation.] *We might have drawn a different conclusion in a case involving a different statutory scheme.*" (*Id*. at p. 168, italics added.)

The instant case involves Proposition 36, the Three Strikes Reform Act, not Proposition 57. The California Supreme Court in *Conley* explained that in passing the Three Strikes Reform Act, "the voters did not distinguish between final and nonfinal sentences, as *Estrada* would presume, but instead drew the relevant line between prisoners 'presently serving' indeterminate life terms—whether final or not—and

defendants yet to be sentenced." (*Conley*, *supra*, 63 Cal.4th at p. 658.)  For the reasons we have already explained, we do not believe that a defendant who is being resentenced for invalid prior prison enhancements under section 1172.75 is entitled to application of the revised penalty provisions under section 1170.12 of the Three Strikes Reform Act, as it would constitute an unconstitutional amendment of the resentencing procedure and requirements of section 1170.126 of the Reform Act.  (*Guevara*, *supra*, 97 Cal.App.5th at p. 987, review granted.)

Further, we are not persuaded by Williams's reliance on subdivision (k) of section 1170.126 of the Three Strikes Reform Act, which states, "Nothing in this section is intended to diminish or abrogate any rights or remedies otherwise available to the defendant."  Williams contends that at the time the Three Strikes Reform Act was passed, the Penal Code authorized the recall of sentences, for example, by the Department of Corrections and Rehabilitation or for compassionate release, and that section 1170.126, subdivision (k) "acknowledges and incorporates recall and vacatur outside of section 1170.126."

In *Conley*, the California Supreme Court rejected an analogous argument by stating, "[T]he text, structure, and purposes of the [Three Strikes Reform] Act all lead to the conclusion that the electorate meant what it said when it approved section 1170.126: Prisoners presently serving indeterminate life terms imposed under the prior version of the Three Strikes law, including those with nonfinal judgments, may seek resentencing under the Act, but subject to judicial determination of whether resentencing would pose an unreasonable danger to the public.  [¶]  That being the case, section 1170.126, subdivision (k) cannot help defendant's argument.  Subdivision (k) contains no indication that automatic resentencing—as opposed to, for example, habeas corpus relief—ranks among the 'rights' the electorate sought to preserve.  A careful reading of the statute points to the opposite conclusion:  The voters authorized defendant and others similarly situated to seek resentencing under the recall provisions of section 1170.126, but they did

not intend to confer a right to automatic resentencing under the amended penalty provisions of the Reform Act." (*Conley*, *supra*, 63 Cal.4th at pp. 661–662, fn. omitted.)

For similar reasons, in view of the text, structure, and purposes of the Three Strikes Reform Act, and in the absence of any other indication in subdivision (k), we determine that voters did not intend to confer a right to resentencing under the amended penalty provisions of the Reform Act outside the procedure and requirements set forth in section 1170.126. Moreover, as we have explained, in satisfying the relevant requirements of section 1172.75, Williams's prior prison term enhancements may be stricken and he will thus "receive[] all he [is] entitled to under both statutes." (*Guevara*, *supra*, 97 Cal.App.5th at p. 986, review granted.)

In sum, a resentencing under section 1172.75 regarding an invalid prior prison term enhancement unconstitutionally eliminates the requirement that a resentencing petition be filed within two years of the effective date of the Three Strikes Reform Act (§ 1170.126, subd. (b)), the discretion of the trial court to find an unreasonable risk of danger to public safety based on the lower evidentiary standard of a preponderance of the evidence under section 1170.126 of the Reform Act instead of the higher evidentiary standard of clear and convincing evidence (§ 1172.75, subd. (d)(1)), and the finding already made under the Three Strikes Reform Act that resentencing Williams to a lesser term poses an unreasonable risk of danger to public safety (§ 1170.126, subd. (f)). Section 1171.1, which was renumbered as section 1172.75 without any change in the text, was not passed by the requisite voting margin set forth in the Three Strikes Reform Act. As a result, applying the revised penalty provisions of the Three Strikes Reform Act to reduce a defendant's indeterminate life term to a determinate term when the defendant is being resentenced under section 1172.75 due to an invalid prior prison term enhancement unconstitutionally amends the resentencing procedure and requirements set forth in section 1170.126 of the voter-approved Three Strikes Reform Act. (See *Guevara*, *supra*, 97 Cal.App.5th at p. 987, review granted.) We therefore conclude that

25

Williams is entitled to resentencing under section 1172.75 due to his two, legally invalid prior prison term enhancements, but that he remains subject to a third strike sentence of 25 years to life in view of the Three Strikes Reform Act. Having reached this conclusion, we observe that at the section 1172.75 resentencing, the trial court also addressed other matters, including calculating custody credits, reducing a restitution fine, and deeming the fine satisfied. The parties have not addressed in this court the extent to which these other orders may need to be revisited by the trial court in view of our disposition. We will leave these other sentencing orders to the trial court to reconsider as necessary.

## IV. DISPOSITION

Let a peremptory writ of mandate issue directing respondent court: (1) to vacate its order resentencing Williams to a six-year term, and (2) to hold a new resentencing hearing at which Williams's sentence of 25 years to life is reinstated, and at which the court may reconsider, as necessary, the court's other sentencing orders such as regarding custody credits and fines. Upon issuance of the remittitur, this court's stay order is vacated.

26

_____
BAMATTRE-MANOUKIAN, J.

I CONCUR:

_____
BROMBERG, J.

***People v. Superior Court (Williams)***
**H051569**

Greenwood, P.J., Concurring in part and dissenting in part.

I agree with the majority that the application of Penal Code section 1172.75 urged by Williams would constitute an impermissible amendment to the Three Strikes Reform Act.[1] I dissent in part because a reasonable construction of section 1172.75 and section 1170.126 harmonizes both statutes while preserving the voters' intent to protect public safety by giving judges the discretion to determine the risk of danger posed by resentencing as set forth in Proposition 36.

Once the trial court recalls a petitioner's sentence under section 1172.75 and finds the petitioner eligible for a "lesser sentence" under subdivision (d)(1), the court must "apply any other changes in law that reduce sentences or *provide for judicial discretion*" under subdivision (d)(2). (Italics added.) Nothing in the plain language of subdivision (d)(2) mandates automatic resentencing as a second strike defendant under section 1170.12 as amended by the Three Strikes Reform Act. Instead, subdivision (d)(2) fully incorporates section 1170.126, including its discretionary standard for determining risk of danger to public safety, because section 1170.126 "provide[s] for judicial discretion" in resentencing. Resentencing under section 1170.12 is not required if the court determines, in its discretion, that doing so would pose an unreasonable risk of danger to public safety under section 1170.126. Furthermore, recall and resentencing under section 1172.75 may constitute "good cause" for the petitioner to file a renewed petition for resentencing under section 1170.126 past the two-year filing deadline of subdivision (b).

Accordingly, upon issuance of the writ, I would direct the trial court to vacate its prior sentencing order, and I would further direct the court to allow Williams the opportunity to file a renewed petition for resentencing under section 1170.126 for simultaneous consideration of his petition under section 1172.75. If Williams does so and the trial court determines he is eligible for a lesser sentence under section 1172.75,

---

[1] Subsequent undesignated statutory references are to the Penal Code.

subdivision (d)(2), the court should then consider whether Williams is also eligible for resentencing under section 1170.126. If he is, the court should resentence him under section 1170.12 unless the court, in its discretion, determines that doing so would pose an unreasonable risk of danger to public safety.

### A. Legal Principles

An amendment to an initiative is " 'a legislative act designed to change an existing initiative statute by adding or taking from it some particular provision.' " (*People v. Rojas* (2023) 15 Cal.5th 561, 574.) Because Proposition 36 allowed for legislative amendment only by statutes passed in each house of the Legislature with two-thirds of the membership, and section 1172.75 was not so enacted, that section would impermissibly amend the Three Strikes Reform Act by adding or taking from it some particular provision.

The proper interpretation of a statute is a question of law we review de novo. (*People v. Lewis* (2021) 11 Cal.5th 952, 961.) We begin with the statute's words, giving them a plain and commonsense meaning, and we construe them in context, looking to the entire substance of the statute to determine the scope and purpose of a provision. (*Ibid.*) " 'A court must, where reasonably possible, harmonize statutes, reconcile seeming inconsistencies in them, and construe them to give force and effect to all of their provisions.' " (*Pacific Palisades Bowl Mobile Estates, LLC v. City of Los Angeles* (2012) 55 Cal.4th 783, 805.)

### B. Discussion

I agree with the majority that the petition process established by section 1170.126 applies to persons who were "presently serving" an indeterminate life sentence under the prior "Three Strikes" law at the time the Three Strikes Reform Act took effect. I further agree that section 1172.75 would impermissibly amend 1170.126 if a petitioner could obtain automatic resentencing under section 1170.12 notwithstanding a court's discretionary determination that doing so "would pose an unreasonable risk of danger to

2

public safety." (§ 1170.126, subd. (f).) Such resentencing would be "adding or taking from" section 1170.126 if a petitioner was entitled to resentencing under section 1170.12 without that discretionary determination.

But that is not what section 1172.75 requires. Subdivision (d)(1) of that section mandates that resentencing shall result in "a lesser sentence" than the one originally imposed. It does not define "lesser," and the statute makes no mention of section 1170.12. Subdivision (d)(2) of section 1172.75 requires the court to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences *or provide for judicial discretion* so as to eliminate disparity of sentences and to promote uniformity of sentencing." (Italics added.) Section 1170.126 constitutes a change in the law, and it provides for judicial discretion in sentencing. The plain language of section 1172.75, subdivision (d)(2) thereby incorporates section 1170.126, including its discretionary standard for determining risk of danger to public safety.

Thus, an eligible petitioner who petitions for resentencing under both section 1170.126 and section 1172.75 may be entitled to a "lesser sentence" in the absence of clear and convincing evidence that it "would endanger public safety" under the latter section, but the court may still determine in its discretion that the petitioner should not be resentenced under the current version of 1170.12 if doing so "would pose an unreasonable risk of danger to public safety" under section 1170.126. Alternatively, the court could find the petitioner eligible for resentencing under both statutes if doing so comports with both public safety standards.

As for Williams' eligibility for resentencing under section 1170.126, he previously petitioned for resentencing under that section in 2012, and the trial court found him eligible for resentencing at that time. The court denied the petition in 2014 after finding that resentencing would pose an unreasonable risk of danger to public safety. But nothing in the plain language of section 1170.126 prohibits the trial court from considering a renewed petition for resentencing under that statute if the petitioner is

3

otherwise eligible.  (*People v. Valencia* (2021) 64 Cal.App.5th 641, 646 (*Valencia*).)

"[T]he statute does not prohibit successive petitions, and the use of the singular 'petition' is generally deemed to also include the plural.  [Citation.]  The plain language of the statute is therefore susceptible to contrary interpretations and does not resolve whether successive petitions are permitted."  (*Ibid.*)

Section 1170.126 further provides that a petitioner "may file a petition for a recall of sentence, within two years after the effective date of the act that added this section *or at a later date upon a showing of good cause . . . .*"  (§ 1170.126, subd. (b), italics added.) Section 1170.126 does not define "good cause," and apart from one limited instance, the California Supreme Court has not construed it.  (*People v. Conley* (2016) 63 Cal.4th 646, 662, fn. 5 [defendants with nonfinal judgments who did not file petitions within the two-year period because they were litigating the question of automatic resentencing would generally have good cause for filing a late petition].)  (See also *People v. Yearwood* (2013) 213 Cal.App.4th 161, 177 ["The pendency of appellate proceedings and consequent lack of jurisdiction over the cause in the trial court would necessarily constitute good cause for a filing delay."])  At least one court of appeal has held the determination of good cause to be within the trial court's discretion.  "As a general matter appellate courts have recognized a trial court 'has broad discretion to determine whether good cause exists.'  [Citation.]"  (*People v. Drew* (2017) 16 Cal.App.5th 253, 257 (*Drew*).)  Generally, "when making a 'good-cause' determination, a trial court must consider all of the relevant circumstances of the particular case, 'applying principles of common sense to the totality of circumstances.' "  (*Ibid.*)

On this record, multiple circumstances would support a finding of good cause to file a renewed petition under 1170.126.  First, the trial court's determination that Williams was entitled to a lesser sentence under section 1172.75 means the prosecution failed to present clear and convincing evidence that a lesser sentence would endanger public safety.  To be clear, I do not believe that entitles Williams to automatic

4

resentencing under the current version of section 1170.12. In my view, there are meaningful differences between the public safety determinations required by the two resentencing schemes, even apart from the standard of proof. A finding that a petitioner qualified for a lesser sentence under 1172.75 would not preclude the trial court from determining that resentencing under section 1170.12 would pose an unreasonable risk of danger to public safety under 1170.126. At a minimum, however, a determination that the petitioner is entitled to a lesser sentence under the standard of section 1172.75 suggests a renewed petition under section 1170.126 would not be frivolous.

Second, the procedural posture of Williams' case gives rise to compelling circumstances supporting good cause for a renewed petition under section 1170.126. The majority agrees the trial court properly recalled his sentence under section 1172.75; there is no question the trial court had jurisdiction to do so. Upon recall, the resentencing court was *required* to consider the entire judgment anew; the court's consideration was not limited to that portion of the aggregate sentence attributable to the prior conviction enhancements invalidated by section 1172.75. Under the "full resentencing rule," the resentencing court, "when it resentences on the eligible felony conviction, must also resentence the defendant generally and must therefore reevaluate the continued applicability of any enhancement based on a prior felony conviction." (*People v. Buycks* (2018) 5 Cal.5th 857, 894; see also *People v. Hubbard* (2018) 27 Cal.App.5th 9, 13 ["Even though defendant's eligibility for resentencing was based solely on the reckless evasion conviction, . . . , once the trial court 'recalled' his sentence under Proposition 36, the trial court was 'entitled to consider the entire sentencing scheme.' "]; *People v. Garner* (2016) 244 Cal.App.4th 1113, 1118 ["When a sentence is subject to 'recall' under section 1170, subdivision (d), the entire sentence may be reconsidered."].) Again, I do not believe this entitled Williams to automatic resentencing under current section 1170.12; rather, I believe it would support a finding of good cause for a renewed petition under 1170.126.

5

Williams argues the full resentencing rule means the trial court must apply the current version of 1170.12 when resentencing under 1172.75. For this proposition, he relies on *People v. Padilla* (2022) 13 Cal.5th 152 (*Padilla*). But this argument ignores the starting point for the Court's analysis in *Padilla*—that the juvenile provisions of Proposition 57 had already been held retroactive under *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*). (*Padilla*, at p. 160.) Under the presumption of *Estrada*, ameliorative changes in the law may apply retroactively, but only to cases that are not yet final. *Padilla* held the defendant's conviction was not final for the purposes of *Estrada* because a lower court had vacated the judgment in habeas corpus proceedings. That holding does not support Williams's position because the California Supreme Court held that the amendments to section 1170.12 made by the Three Strikes Reform Act do not apply retroactively under *Estrada*. (*People v. Conley* (2016) 63 Cal.4th 646 (*Conley*).)

However, the Court in *Conley* held so precisely because of the availability of resentencing through the petition process established by the Three Strikes Reform Act. *Estrada*'s presumption did not apply "[w]here, as here, the enacting body creates a special mechanism for application of the new lesser punishment to persons who have previously been sentenced, and where the body expressly makes retroactive application of the lesser punishment contingent on a court's evaluation of the defendant's dangerousness . . . ." (*Conley*, *supra*, 63 Cal.4th at p. 658.) *Conley*'s logic implies that, absent the availability of the resentencing process, the ameliorative changes to section 1170.12 *would* have applied retroactively to nonfinal cases through *Estrada*. The spirit of *Conley* suggests recall and resentencing under section 1172.75 would support a finding of good cause for the petitioner to avail themselves of resentencing under section 1170.126 as well. Otherwise, Williams has no available means to seek the ameliorative changes of the Three Strikes Reform Act. The majority points out that Williams already did so in 2012 when he petitioned for resentencing under section 1170.126. But recall

6

and resentencing under 1172.75 vacated the judgment that was at issue in 2012; the question is how to sentence him *now*.

Ten years have passed since the trial court considered resentencing under section 1170.126. That is not because Williams simply failed to pursue timely relief; had he done so before now, the trial court likely would have rejected a renewed petition. (Cf. *Drew*, *supra*, 16 Cal.App.5th at pp. 259-260 [no good cause for untimely petition where there was no evidence petitioner did anything to investigate potential relief during period of delay].) During that time, Williams's circumstances may have changed to make him less dangerous, and the applicable sentencing law has changed significantly. (See, e.g., *In re Friend* (2021) 11 Cal.5th 720, 728 [adequate justification for a successive habeas corpus petition includes a change in the law that has been made retroactively applicable to final judgments]; Code Civ. Proc., § 1008, subd. (d) [In civil cases, "If a court at any time determines that there has been a change of law that warrants it to reconsider a prior order it entered, it may do so on its own motion and enter a different order."].) While the possibility of rehabilitation alone might be insufficient for a showing of good cause, *Valencia*, *supra*, 64 Cal.App.5th at page 644, here the totality of the circumstances includes much more.

Third, the burden of a renewed petition would be de minimis. Simultaneous consideration of a renewed petition under section 1170.126 with a petition under section 1172.75 would impose almost no additional cost or consumption of time and resources in most instances. Williams was already before the trial court for resentencing, and there are few material differences between the evidentiary matters at issue under each statute. Under section 1172.75, the trial court was empowered to "consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original

7

sentencing so that continued incarceration is no longer in the interest of justice."
(§ 1172.75, subd. (d)(3).) These factors substantially overlap with those a trial court may consider under section 1170.126, including the passage of time since the commission of the offense (§ 1170.126, subd. (g)(1)); "[t]he petitioner's disciplinary record and record of rehabilitation while incarcerated" (*id.*, subd. (g)(2)); and "[a]ny other evidence the court, within its discretion, determines to be relevant in deciding whether a new sentence would result in an unreasonable risk of danger to public safety" (*id.*, subd. (g)(3)).

The Court of Appeal for the Fifth District addressed the issue of good cause for a renewed petition under section 1170.126 in *Valencia*, *supra*, 64 Cal.App.5th 641. Valencia first petitioned for resentencing in 2013, and the trial court denied it on the ground he presented an unreasonable risk of danger to public safety. (*Id.* at p. 644.) He petitioned again in 2017, citing evidence of his rehabilitation, and the trial court denied it on the ground that section 1170.126 did not allow for a second petition filed after the two-year statutory window. (*Id.* at p. 645.) The Court of Appeal declined to determine whether section 1170.126 allowed for successive petitions, but the Court affirmed the denial of the petition on the ground that rehabilitative progress alone does not constitute good cause for filing an untimely petition. (*Id.* at p. 644.) The Court relied in part on a portion of the voter information guide for Proposition 36 setting forth the Legislative Analyst's assessment of the burdens and costs associated with resentencing. (*Id.* at pp. 649-650.) The Legislative Analyst stated that resentencing would increase court caseloads and result in additional costs for the prosecutors, public defenders, and sheriff's departments required to manage the workload. (*Id.* at p. 650.) Furthermore, the Legislative Analyst's assessment was based on the assumption of a " 'one-time cost' to the state and counties" "that would last only 'a couple years'." (*Ibid.*) From this, the Court inferred that "the voters understood Proposition 36 involved competing cost concerns, but found acceptable the costs associated with a single opportunity for resentencing within a relatively brief limitations period." (*Ibid.*)

8

Whatever voters' expectations were regarding the cost of a second petition under section 1170.126, those expectations would be undiminished by a renewed petition in this case. Williams was already before the trial court for resentencing, and given the overlap in evidence relevant to the public safety determinations under both resentencing schemes, any additional costs imposed by the simultaneous consideration of a petition under section 1170.126 would be minimal. Furthermore, such a limited exception to the two-year filing deadline would not result in "infinite opportunities" for successive petitions as concerned the Court in *Valencia*. (Cf. *Valencia*, *supra*, 64 Cal.App.5th at p. 650.)

Finally, although the prosecution has not addressed the matter yet, I perceive no prejudice to the prosecution on this record. "[I]t is difficult to see how the prosecution would ever be significantly prejudiced by a delay in the filing of a recall petition, because the factors guiding whether to grant the resentencing rest on largely immutable facts contained in records maintained by the courts and the prison authorities." (*Drew*, *supra*, 16 Cal.App.5th at p. 258.)

### C. Conclusion

With Proposition 36, the voters intended to "strike a balance" between the objectives of mitigating punishment and protecting public safety by making resentencing subject to the trial court's discretionary determination of the risk of dangerousness. (*Conley*, *supra*, 63 Cal.4th at p. 658.) Harmonizing the resentencing schemes as outlined above preserves that balance and gives full effect to the plain language of section 1172.75 without amending the Three Strikes Reform Act.

On the record here, a finding that Williams has good cause for a renewed petition under section 1170.126 would fall well within the trial court's discretion. And as a practical matter, I see no reasonable grounds to deny it. "[P]unishment is appropriate to deter, confine, and rehabilitate; ' "[t]here is no place in the scheme for punishment for its own sake . . . ." ' [Citation.]" (*People v. Esquivel* (2021) 11 Cal.5th 671, 674.) Ultimately, however, good cause under section 1170.126 is a matter subject to the trial

9

court's discretion based on the totality of the circumstances.  (*Drew*, *supra*, 16 Cal.App.5th at p. 257.)  Because the parties have not yet addressed it, I would allow them to do so below, should Williams assert it.

_____

Greenwood, P. J.

People v. Superior Court (Williams)
H051569

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court<br>Superior Court No.: C9925466 |
| Trial Judge: | Hon. William J. Monahan |
| Attorneys for Petitioner:<br>The People | Jeffrey F. Rosen<br>District Attorney<br>Kaci R. Lopez<br>Supervising Deputy District Attorney<br>David R. Boyd<br>Deputy District Attorney |
| Attorneys for Real Party in Interest:<br>Sylvester Williams | Christopher Matthew Van Meir<br>Santa Clara County Public Defender |

***People v. Superior Court (Williams)***
**H051569**